LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Adolf V. Zeman, AK Bar No. 0411082
Email: adolfz@lbblawyers.com
LANDYE BENNETT BLUMSTEIN LLP
701 West Eight Avenue, Suite 1200
Anchorage, Alaska 99501
Telephone: (907) 276-5152
Facsimile: (907) 276-8433

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BERTHA FRANULOVICH,<br><br>Plaintiff,<br><br>v.<br><br>ARAMARK SPORTS AND ENTERTAINMENT SERVICES, LLC, D/B/A GLACIER BAY LODGE,<br><br>Defendant. | Case No.1:18-CV-00012-HRH |

**ARAMARK'S RESPONSES TO PLAINTIFFS' FIRST REQUESTS FOR ADMISSION**

Defendant Aramark Sports and Entertainment Services, LLC ("Aramark"), by and through undersigned counsel of record, submit these Responses to Plaintiffs' First Requests for Admission.

**ADMISSION REQUESTS**

**REQUEST FOR ADMISSION NO. 1:** Admit at all times relevant, the National Park Service owned the property and building known as the Glacier Bay Lodge.[1]

**RESPONSE:** Admit. *See also* ARA000576.

[1] Aramark Document Bates # ARA 000168

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

**REQUEST FOR ADMISSION NO. 2:** Admit at all times relevant, Aramark managed the Glacier Bay Lodge pursuant to a contract with the National Park Service.[2]

**RESPONSE:** Admit. *See also* ARA000570-729.

**REQUEST FOR ADMISSION NO. 3:** Admit that Aramark was obligated by that contract to perform routine maintenance on the main building and adjacent wheelchair ramp.

**RESPONSE:** Admit in part, deny in part. Aramark admits that under the contract, it is responsible for maintenance, repairs, housekeeping, and grounds keeping for all Concession Facilities. *See* ARA000586. Aramark also admits that insofar as buildings are concerned, it is responsible for facility maintenance, including preventative and recurring maintenance and component renewal as well as the repair and cleaning of the interior and exterior of all buildings within the assigned area. *See* ARA000688. However, boardwalk and decking maintenance, with the exception of routine power washing and litter removal, are excluded from Aramark's maintenance responsibilities. *See id*. To the extent that this request suggests that the contract obligated Aramark to perform all routine maintenance on the main building and adjacent wheelchair ramp, the request is denied.

[2] Aramark Document Bates # ARA000168

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

**REQUEST FOR ADMISSION NO. 4:** Admit that Aramark was obligated by that contract to comply with federal, state and local law regarding providing access for disabled individuals to the main building.

**RESPONSE:** Admit in part, deny in part. Aramark admits that the contract requires compliance with Title V, Section 504, of the Rehabilitation Act of 1973, as amended in 1978, *see* ARA000643; that the contract requires Aramark to operate all programs or activities so that those programs and activities are accessible to and usable by handicapped persons, *see* ARA000644; that the contract requires Aramark to comply with the Americans with Disabilities Act and the Architectural Barriers Act guidelines where applicable, *see* ARA000685. However, the contract does not require Aramark to make each of its existing facilities or every part of a facility accessible to and usable by handicapped persons. *See id*. Aramark denies that the contract obligates Aramark to comply with applicable laws concerning providing access for disabled persons to the main building as Aramark is not the owner of the facilities.

**REQUEST FOR ADMISSION NO. 5:** Admit that Aramark had a duty to maintain the wheelchair ramp in a safe condition for foreseeable users.

**RESPONSE:** Objection, the term "safe condition" is vague and not defined. Admit in part, deny in part. Aramark admits that under the terms of its concession contract with the National Park Service, Aramark is responsible for power-washing and removing litter from

the ramp. *See* ARA000688. To the extent that the request suggests Aramark had additional duties to maintain the wheelchair ramp, the request is denied.

**REQUEST FOR ADMISSION NO. 6:** Admit that Aramark had a duty to assure that the surface of the wheelchair ramp was "skid resistant" - meaning that it would provide sufficient traction when wet or dry for intended users to safely use it.

**RESPONSE:** Admit in part, deny in part. Aramark admits that as the concessioner for the Concession Facilities, Aramark is responsible for maintaining those Facilities, *see* ARA000586, and that those responsibilities include preventative and recurring maintenance and component renewal as well as the repair and cleaning of the interior and exterior of all buildings within the assigned area. *See* ARA000688. Aramark denies that these responsibilities extend to a duty to assure that the surface of the wheelchair ramp was "skid resistant," as that term is defined and used by Plaintiff. *See id*. The National Park Service built the ramp and is responsible for ensuring that the ramp meets all relevant compliance standards. *See* ARA 000562.

**REQUEST FOR ADMISSION NO. 7:** Admit that the wood used to build the wheelchair ramp was not "skid resistant."

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

**RESPONSE:** After making a reasonable inquiry, Aramark lacks the knowledge or information necessary to answer this request. The National Park Service built the ramp. *See* ARA000562.

**REQUEST FOR ADMISSION NO. 8:** Admit that the wood used to build the wheelchair ramp was not treated in any way to increase its "skid resistance."

**RESPONSE:** *See* Answer to Request No. 7.

**REQUEST FOR ADMISSION NO. 9:** Admit that the wood surface of the wheelchair ramp had a coefficient of friction of less than .05 when dry.

**RESPONSE:** *See* Answer to Request No. 7.

**REQUEST FOR ADMISSION NO. 10:** Admit that the wood surface of the wheelchair ramp had a coefficient of friction of less than .08 when wet.

**RESPONSE:** *See* Answer to Request No. 7.

**REQUEST FOR ADMISSION NO. 11:** Admit that the wheelchair ramp was intended to be used by individuals who had difficulty with walking and balance in order to enter and leave the building.

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

**RESPONSE:** Admit in part. Aramark admits that when the National Park Service built the ramp in 1984, it did so to comply with the Architectural Barriers Act. *See* ARA000562. After making reasonable inquiry, Aramark is without sufficient knowledge or information to admit or deny the remainder of the request.

**REQUEST FOR ADMISSION NO. 12:** Admit that the wheelchair ramp was fully exposed to the weather and was slippery when wet.

**RESPONSE:** Admit that the ramp is in the middle of a rain forest and exposed to various weather conditions. Admit that when water is on a surface, it could cause said surface to be "slippery." Aramark further admits that warnings were placed indicating that the surface could be slippery when wet.

**REQUEST FOR ADMISSION NO. 13:** Admit that untreated wood in the moist conditions of SE Alaska is subject to the growth of moss and algae.

**RESPONSE:** Objection, the term "untreated" is not sufficiently defined. Admit in part. Aramark admits that generally, wood could be subject to the growth of moss and algae in wet environments. After making reasonable inquiry, Aramark is without sufficient information or knowledge to admit or deny whether untreated wood is subject to the growth of moss and algae.

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

**REQUEST FOR ADMISSION NO. 14:** Admit at all times relevant defendant and its employees were aware that moss and algae growth would constitute a potential hazard if found on the premises of the Glacier Bay Lodge and specifically on the wooden handicapped ramp used to access the Lodge.[3]

**RESPONSE:** Objection, the document cited by Plaintiff does not provide foundation for or otherwise support the request for admission. Objection, the term "potential hazard" is not sufficiently defined. Denied.

**REQUEST FOR ADMISSION NO. 15:** Admit that moss growing on a wood surface such as the subject handicap ramp is known to be slippery, especially when wet.

**RESPONSE:** Admit that moss present on a surface could be slippery. Deny that moss growth was present on the walking surface of the subject ramp.

**REQUEST FOR ADMISSION NO. 16:** Admit that algae growing on a wood surface such as the subject handicap ramp is known to be slippery, especially when wet.

**RESPONSE:** Admit that algae growing on a wood surface could be slippery. Deny that algae growth was present on the walking surface of the subject ramp.

[3] Aramark Document Bates # ARA000548

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

**REQUEST FOR ADMISSION NO. 17:** Admit that routine power washing and upkeep would have fallen under Aramark's area of responsibility with respect to maintenance on the premises of the Glacier Bay Lodge at the time of the subject incident.[4]

**RESPONSE:** Admit in part, deny in part. Aramark admit that power-washing and litter removal was within Aramark's area of responsibility with respect to the premises of the Glacier Bay Lodge at the time of the subject incident. *See* ARA000688. To the extent that "upkeep" was also within Aramark's area of responsibility, the term is vague and not defined, and on that basis, Aramark denies the request.

**REQUEST FOR ADMISSION NO. 18:** Admit that routine power washing done on the premises of the Glacier Bay Lodge at the time of the subject incident should have been tracked.[5]

**RESPONSE:** Admit that per the contract language between Aramark and the National Park Service, Aramark should have kept lots of power-washing. Further admit that all logs in Aramark's possession have been produced.

**REQUEST FOR ADMISSION NO. 19:** Admit the job description for the Aramark Maintenance Worker for the Glacier Bay Lodge on the date of the subject incident included

[4] Aramark Document Bates # ARA000562
[5] Aramark Document Bates # ARA000562

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

specific responsibility to perform general maintenance and upkeep of property facilities, structures, grounds etc., including but not limited to the handicapped ramp.[6]

**RESPONSE:** Admit that the job description speaks for itself. To the extent it has been misstated or misquoted by influence or otherwise, Aramark denies the request.

**REQUEST FOR ADMISSION NO. 20:** Admit that at the time of the subject incident, power washing the handicapped ramp would be considered a general maintenance and property upkeep duty.[7]

**RESPONSE:** Admit that the cited document speaks for itself. To the extent it has been misstated or misquoted by influence or otherwise, Aramark denies the request.

**REQUEST FOR ADMISSION NO. 21:** Admit the job description for the Aramark Maintenance Worker for the Glacier Bay Lodge on the date of the subject incident was to "help ensure the safe condition of all ... buildings, grounds..."[8]

**RESPONSE:** Admit that the cited document speaks for itself. To the extent it has been misstated or misquoted by influence or otherwise, Aramark denies the request.

---

[6] Aramark Document Bates # ARA000563
[7] Aramark Document Bates # ARA000563-564
[8] Aramark Document Bates # ARA000564

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

**REQUEST FOR ADMISSION NO. 22:** Admit the job description for the Aramark Maintenance Worker for the Glacier Bay Lodge on the date of the subject incident included the responsibility to log all maintenance issues, actions taken to resolve them and start and end dates for said actions.[9]

**RESPONSE:** Admit that the cited document speaks for itself. To the extent it has been misstated or misquoted by influence or otherwise, Aramark denies the request.

**REQUEST FOR ADMISSION NO. 23:** Admit the job description for the Aramark Maintenance Worker for the Glacier Bay Lodge on the date of the subject incident included following all Aramark, National Park Service and Glacier Bay Lodge policies and procedures pertaining to health, safety and the environment.[10]

**RESPONSE:** Admit that the cited document speaks for itself. To the extent it has been misstated or misquoted by influence or otherwise, Aramark denies the request.

**REQUEST FOR ADMISSION NO. 24:** Admit that Bertha Franulovich was a foreseeable user on the premises of the Glacier Bay Lodge on the date of the subject incident.

[9] Aramark Document Bates # ARA000564
[10] Aramark Document Bates # ARA000565

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

**RESPONSE:** Admit in part, denied in part. Aramark admits that Plaintiff was a foreseeable user on the premises of the Glacier Bay Lodge. Aramark denies that Plaintiff was a foreseeable user of the wheelchair ramp located on the premises of the Glacier Bay Lodge.

**REQUEST FOR ADMISSION NO. 25:** Admit that after Bertha Franulovich exited the Glacier Bay Lodge August 15, 2016, she slipped and fell on the handicapped ramp outside of the front entrance to the Lodge.

**RESPONSE:** Admit that Plaintiff reported she had fallen to an Aramark employee and an Aramark employee assisted her to her car. No Aramark employees witnessed the alleged fall.

**REQUEST FOR ADMISSION NO. 26:** Admit that Bertha Franulovich reported her fall to Jamieson Stropel, the Glacier Bay Lodge front desk agent, immediately following the subject incident."[11]

**RESPONSE:** Admit that Plaintiff reported that she fell to Aramark.

**REQUEST FOR ADMISSION NO. 27:** Admit that Aramark employees had power washed the handicapped ramp on two occasions in 2016, prior to plaintiff's fall.[12]

**RESPONSE:** Admit that according to records cited, Aramark had washed the ramp at least twice. It may have been washed on other occasions in 2016 but Aramark currently does not have additional documents in its possession.

**REQUEST FOR ADMISSION NO. 28:** Admit that the 3rd occasion an Aramark employee power washed the Glacier Lodge's handicapped ramp was shortly after plaintiff's fall on August 15, 2016.[13]

**RESPONSE:** Admit that there are at least three documented times indicating the ramp was washed and one of the three was after August 15, 2016.

**REQUEST FOR ADMISSION NO. 29:** Admit that Aramark's insurer has conceded liability for the subject incident as evidenced by its conclusion that "Aramark is responsible to keep the area free of moss and organic material that can make the area slick."[14]

**RESPONSE:** Denied. The quoted statement is not a concession of liability.

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

---

[11] Aramark Document Bates # ARA000188
[12] Aramark Document Bates # ARA000169
[13] Aramark Document Bates # ARA000169

**<u>REQUEST FOR ADMISSION NO. 30</u>:** Admit that at the time of the subject incident there were 2 placards warning "slippery when wet" that was posted on the end of the handrail stubs on the handicapped ramp.[15]

**<u>RESPONSE</u>:** Admit.

**<u>REQUEST FOR ADMISSION NO. 31</u>:** Admit the location of the warning placards posted on the handicapped ramp handrail stubs were below the line of sight for an adult walking on the ramp.

**<u>RESPONSE</u>:** Admit that the location of the warning placards were below the line of sight for an adult walking on the ramp. The location of the warning placards are posted on the handrail stubs so that they are at the eye-level of a foreseeable user of the wheelchair ramp – a person in a wheelchair. However, a person not in a wheelchair would also be able to see the signs.

**<u>REQUEST FOR ADMISSION NO. 32</u>:** Admit the color of the warning placards posted on the handicapped ramp handrail stubs were black and white.

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

---

[14] Aramark Document Bates # ARA000160
[15] Aramark Document Bates # ARA000268 and #ARA000394

**RESPONSE:** Admit in part. Aramark admits that the warning placards currently in place are white and black. After reasonable inquiry, Aramark is without sufficient knowledge or information to confirm the color of the warning placards on the date of the incident.

**REQUEST FOR ADMISSION NO. 33:** Admit there was no anti-slip covering on the wooden surface of the handicapped ramp at the time of the subject incident.

**RESPONSE:** After reasonable inquiry, Aramark is without sufficient knowledge or information to answer the request.

**REQUEST FOR ADMISSION NO. 34:** Admit that plaintiff's report of the incident included a description of the area where plaintiff fell: "she still couldn't get up because the ramp was too slipper [sic] and she had to slide her way down to a spot where she could regain footing."[16]

**RESPONSE:** Objection, Plaintiff mischaracterizes the quoted document, ARA000568, as a report of the incident. The document is an e-mail from Mario Fulmer, Visitor Program Manager at Alaska Native Voices, Plaintiff's former employer, to Jeff Bell at Aramark, and appears to summarize a conversation between Mr. Fulmer and Plaintiff.

[16] Email from Mario Fulmer, Visitor Program Manager at Alaska Native Voices to Jeff Bell at Aramark. Aramark Document Bates # ARA000568.

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Aramark is without sufficient knowledge or information to admit or deny the accuracy of the communication between Plaintiff and Mr. Fulmer. To the extent that the request asks Aramark to admit that the cited document contains the statement "she still couldn't get up because the ramp was too slipper [sic] and she had to slide her way down to a spot where she could regain footing," the request is admitted. To the extent that the request asks Aramark to admit that the statement is true, the request is denied.

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

**REQUEST FOR ADMISSION NO. 35:** Admit that Aramark employee Jeff Bell acknowledges the ramp was known to be slick.[17]

**RESPONSE:** Aramark admits that in an email sent by Jeff Bell to Joni Seay, Mr. Bell wrote that "It looks like Bertha from Alaska Native Voices took a spill on the ramp. We have some signs there saying slippery when wet but it can be slick there." Aramark denies that this statement is an acknowledgment that the ramp was known to be slick.

**REQUEST FOR ADMISSION NO. 36:** Admit that as a result of the subject incident, Bertha Franulovich sustained physical injuries.

**RESPONSE:** Admit in part, deny in part. Aramark admits that two days after the subject incident, Plaintiff sought medical treatment, and continued to receive treatment for

[17] Email response from Jeff Bell at Aramark to Mario Fulmer's email. Aramark Document Bates ARA000568

her alleged injuries. To the extent that Plaintiff had pre-existing conditions or superseding injuries unrelated to the subject incident, the request is denied.

DATED: April 11, 2019

LANDYE BENNETT BLUMSTEIN LLP
Attorneys for Defendant, Aramark Sports and Entertainment Services, LLC

/s/ Adolf V. Zeman

Adolf V. Zeman, AK Bar No. 0411082
E-mail: adolfz@lbblawyers.com
LANDYE BENNETT BLUMSTEIN LLP
701 West Eighth Avenue, Suite 1200
Anchorage, Alaska 99501
Telephone: (907) 276-5152
Facsimile: (907) 276-8433

LANDYE BENNETT BLUMSTEIN LLP
701 WEST EIGHTH AVENUE, SUITE 1200
ANCHORAGE, ALASKA 99501
TELEPHONE (907) 276-5152, FAX (907) 276-8433

Certificate of Service

I hereby certify that on April 11, 2019, a copy of the foregoing document was served electronically on the following:

Mark Choate
Jon Choate
Choate Law Firm LLC
424 N. Franklin St.
Juneau, AK 99801
lawyers@choatelawfirm.com

/s/ Adolf V. Zeman
Adolf V. Zeman